MICHAEL ROGERS & another *vs.* JOSIAH RUTTER.

A man holding and occupying land, under a bond for a deed from the owner upon his performance of certain stipulations within a limited time, and with a right to use the premises meanwhile, may, upon tender of the amount of taxes, costs and interest, maintain a bill in equity under *St.* 1856, *c.* 239, § 4, to compel a purchaser at a sale for non-payment of taxes to release his title to him.

A tender of money, which the person to whom it is tendered refuses to accept, but, upon its being left with him against his wish, afterwards refuses to give up, is sufficient.

BILL IN EQUITY by Michael Rogers and George M. Chamberlain, under *St.* 1856, *c.* 239, § 4, to compel the defendant to

release to the plaintiffs or either of them his title to land under a sale for nonpayment of taxes.

The bill alleged that the plaintiffs had an interest and estate in the land, and that Rogers had been in possession and occupation thereof for four or five years, under and by virtue of an agreement under seal made between Jacob Farwell, the owner in fee, and William H. Ropes in March 1847, by which Farwell covenanted, whenever requested by Ropes after full performance of his covenants within the time therein allowed, to execute and deliver to Ropes a warranty deed of the land, and Ropes covenanted to clear the land of stone, and pay for the land in time and manner specified, and it was agreed that Ropes should have the use of the land while the agreement was in course of exe cution, free from all charges whatever; that in June 1847 this agreement was with Farwell's assent assigned to Rogers, and by him assigned to Chamberlain, as collateral security for moneys advanced; that all the covenants of Ropes were performed, as the defendant knew, before the 4th of May 1850, when the land was duly sold to the defendant for nonpayment of taxes, and deeds thereof executed by the collector to him; and that within two years afterwards Chamberlain tendered to the defendant the amount of the taxes, interest and costs, but the defendant refused to release his title.

The answer admitted most of the allegations in the bill, but denied the performance of the covenants on the part of Ropes, and alleged that the defendant absolutely refused to receive the money tendered, and told Chamberlain that as he could not give him a deed of the land he did not wish to take the money, and requested him to keep it as the tender would be good if he had a right to a deed; that Chamberlain left the money, and the defendant kept it subject to his order; that Rogers was not present, and Chamberlain did not say that he acted for him; that Rogers never made any tender; and that neither the plaintiffs nor either of them was owner of the land or entitled to demand a deed.

The plaintiffs filed a general replication. Upon a hearing before *Bigelow,* J., it appeared that the land was not cleared of stones

according to the agreement; that Chamberlain, when he made the tender, informed the defendant that the agreement had been assigned to him as collateral security; and that the defendant soon afterwards, being asked to return the money to Chamberlain, refused to do so, or to give a receipt for the money or a release of the land, saying that the title was in Farwell and not in Chamberlain. And the case was reported to the full court.

*B. F. Butler*, for the plaintiffs.

*E. R. Hoar & G. A. Somerby*, for the defendant. The plaintiffs do not seek to redeem the estate, but to compel the defendant to release to them, or either of them, his title under the sale for taxes. And this merely on the ground that they hold a personal contract from the owner of the land, the stipulations of which they have performed and under which they have been in possession of the land, and have tendered the defendant the amount of the tax, costs and interest as required by law.

But only the owner or his heirs and assigns can redeem land sold for taxes. Rev. Sts. *c.* 8, § 32. *St.* 1850, *c.* 98, § 2. The plaintiffs are not even the equitable owners of the land, not having fulfilled their stipulations in the contract with Farwell; and no excuse for this nonperformance will satisfy their allegation. *Colt* v. *Miller*, 10 Cush. 50. Their failure to perform their part of the contract has terminated what interest they might have in the estate.

The bill and answer disclose other persons having a better right to redeem; and the plaintiffs cannot maintain this bill, without showing on the part of those persons collusion or refusal to redeem, neither of which is charged. 1 Dan. Ch. Pract. 240, 248. *Montague* v. *Lobdell*, 11 Cush. 111. Any decree against the defendant would leave him still liable to those having the better title; and would transfer to the plaintiffs Farwell's interest in the land, to which they have no right.

The plaintiffs have a perfect and sufficient remedy at law. An action by the defendant for the recovery of the estate would be defeated by showing title in themselves and proof of tender seasonably made. *Holman* v. *Bailey*, 3 Met. 55. Rev. Sts. *c.* 8, § 32. *St.* 1852, *c.* 312, § 52. They are not therefore in this

commonwealth entitled to relief in equity. *Sts.* 1838, *c.* 163, § 18; 1849, *c.* 213; 1856, *c.* 239, § 4. *Thayer* v. *Smith,* 9 Met. 469. *Woodman* v. *Saltonstall,* 7 Cush. 182. *Mitchell* v. *Green,* 10 Met. 101. *Simonds* v. *Towne,* 4 Gray, 603.

BY THE COURT. We are of opinion that the plaintiffs had such an interest in the land, that they had a right to redeem. The plaintiff Rogers was in possession of the land under a contract for its purchase, which expressly stipulated that during the continuance of the contract he should remain in possession. He had a right to the occupation and enjoyment of the premises against all the world except the person with whom he made the contract of purchase, and may justly be regarded as the owner of the land, within the meaning of the statute, for the purpose of protecting his interest therein. The defendant has no rights under that person, and cannot set up any breach of the contract in defence of this suit. *Non constat* that the person with whom it was made will ever avail himself of such breach.

The tender was good, for, though not accepted at the time, the defendant afterwards refused to return the money, and may therefor be charged with the amount.

*Decree accordingly.*